IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EUGENE M. MONOGAN,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-03-2211 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **UNITED STATES BUREAU OF** | : | |
| **PRISONS, et al.,** | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

**I.   Introduction**

Petitioner, Eugene M. Monogan, an inmate at the Schuylkill Federal Prison Camp ("FCP-Schuylkill") in Minersville, Pennsylvania, commenced this action with a *pro se* petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. (Doc. 1). In the petition, Petitioner challenges the calculation of his federal sentence, and claims his federal sentence commenced on the day it was imposed. A response, together with exhibits, and a traverse have been filed, and the petition is ripe for disposition. For the reasons that follow, the petition will be denied.

**II.     Background**

On January 15, 1997, Petitioner was arrested by Essex County, New Jersey authorities on handgun possession charges, and he was subsequently released on bond. (Doc. 7-2 at 4.) Thereafter, Petitioner was arrested by federal authorities on July 17, 1997, related to charges of conspiracy to distribute and possession with intent to distribute "MDMA, Cocaine and Flunetrazepam," and he was released on bond later that day. (*Id.*)

On January 5, 1998, Petitioner pled guilty to the state firearms charge, and he was released on bond pending sentencing. (*Id.*) On December 17, 1998, Petitioner was arrested by Monmouth County, New Jersey authorities on charges of possession of controlled dangerous substance, and he remained in custody on that charge. (*Id.* at 5.)

On January 6, 1999, Petitioner was removed from the state custody, pursuant to a federal writ of habeas corpus *ad prosequendum,* for sentencing on the federal charges. Petitioner was sentenced to sixty-three (63) months incarceration on the federal charges, and he was returned to state custody on January 7, 1999. (*Id.*) Petitioner was subsequently sentenced to a four (4) year term on the Monmouth County drug charge, and a three (3) year term on the Essex County firearms charge. (*Id.*)

2

On October 10, 2000, Petitioner was paroled from his state sentences to federal authorities, to serve his federal sentence. (*Id.*) Petitioner claims that his federal sentence commenced on January 6, 1999, the date that his federal sentence was imposed. Respondents claim that Petitioner's federal sentence did not commence until the date he was released to federal authorities on October 10, 2000. For the following reasons, the court concludes that Petitioner's federal sentence was properly calculated.

## III.   Discussion

### Computation of Federal Sentence

To calculate Petitioner's sentence, the BOP must determine: (1) when his federal sentence commenced, and (2) any credits to which Petitioner may be entitled. 18 U.S.C. § 3585. Notwithstanding any assurances to the contrary that Petitioner received from his attorney,[1] his federal sentence commenced on October 10, 2000, the date he was released to federal custody for transport to FCP-Schuylkill to serve the federal sentence. *See* 18 U.S.C. § 3585(a) (A federal sentence to a term of imprisonment commences on the date the prisoner "is received in custody awaiting

---

[1] Petitioner claims that he contacted his attorney after his federal sentence was imposed, and he was assured that his sentence commenced on his federal sentencing date (January 6, 1999). *See* Doc. 8 at 2 and 8. However, Petitioner does not reference any evidence in the record to support these claims.

3

transportation to . . . the official detention facility at which the sentence is to be served.")  Thus, Petitioner's federal sentence commenced after his state sentences had been fully discharged.  Furthermore, Petitioner has appropriately received all appropriate credit for time spent in custody on his federal charges which has not been credited to another sentence.  *See* 18 U.S.C. § 3585(b); (Doc. 7-2 at 6, ¶ 14.)

Although the federal sentence was imposed while Petitioner was held in state custody, this does not affect the commencement date of the federal sentence. Petitioner appears to claim that his second state sentence was to be concurrent with his undischarged term, and that would include his federal sentence.  However, as previously stated, his federal sentence had yet to commence, and therefore the concurrence of his state sentence is irrelevant.  The disputed time was previously credited to Petitioner's state sentence. (Doc. 7-2 at 6, ¶ 14.)  If additional adjustment was made to the federal sentence, Petitioner would have received a double credit.  The Third Circuit Court of Appeals has held that the plain language of 18 U.S.C. § 3585 is specifically meant to prohibit this "double credit."  *Rios v. Wiley*, 201 F.3d 257, 272 (3d Cir. 2000).

In support of relief, Petitioner cites *Ruggiano v. Reish*, 307 F.3d 121 (3d Cir. 2002).  In *Ruggiano*, Petitioner was sentenced in federal court to a term of imprisonment of 112 months while he was serving an unexpired state sentence of two

4

(2) to four (4) years on an unrelated state offense.  The federal sentence was to run concurrent with the undischarged state sentence, with credit for time served.  Although the Third Circuit held that the BOP was precluded from "crediting" for time served, the court directed "adjustment" of the state sentence to make the subsequent federal sentence fully or retroactively concurrent.

However, *Ruggiano* involved a federal sentence intended by the sentencing court to run concurrently with the undischarged state term.  Here, the concurrent state terms were fully discharged when the federal sentence commenced.  Further, the federal sentence was not ordered to run concurrent with the state sentences, nor was Petitioner to be given credit for time served.  Accordingly, *Ruggiano* does not serve as a basis for relief in this action.  An appropriate order will issue.

                                    s/Sylvia H. Rambo  
                                    SYLVIA H. RAMBO  
                                    United States District Judge

Dated:  May 10, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**EUGENE M. MONOGAN,**          :
                                :
       **Petitioner**          :          **CIVIL NO. 1:CV-03-2211**
                                :
v.                              :          **(Judge Rambo)**
                                :
**UNITED STATES BUREAU OF**     :
**PRISONS, et al.,**            :
                                :
       **Respondents**         :

# O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The Clerk of Court is directed to CLOSE this case.

                                      s/Sylvia H. Rambo
                                      SYLVIA H. RAMBO
                                      United States District Judge

Dated: May 10, 2005.